[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs are General Motors Corporation (GM); Valenti Auto Sales, Inc. (Valenti); and Prestige Oldsmobile, Inc. (Prestige Oldsmobile). They appeal a decision of the defendant Connecticut Department of Motor Vehicles (Department) denying the establishment or relocation of an Oldsmobile dealership. The Department acted pursuant to General Statutes 42-133dd in response to a protest against the proposed dealership change which had been filed by defendant Alderman Motor Company (Alderman Oldsmobile). This appeal is authorized by General Statutes 42-133dd(e) and 4-183. The court remands the case for further action by the Department.
Certain essential facts are not in dispute. Plaintiff Prestige Oldsmobile operates an Oldsmobile dealership on Route 5 in Wallingford about 5.2 miles from its competitor, defendant Alderman Oldsmobile. The Alderman Oldsmobile dealership, also on Route 5, is just over the town line in Meriden. In January 1992, pursuant to General Statutes42-133dd(a), GM notified Alderman Oldsmobile that it proposed to establish an Oldsmobile dealership by joining with Valenti at the latter's site, which is in Wallingford on Route 5, but only 3.4 miles from Alderman Oldsmobile. The parties dispute whether the proposed Oldsmobile dealership at the Valenti site would be a relocation of the Prestige dealership or a new dealership, in addition to Prestige,
Feeling the heat of competition approaching nearer, Alderman Oldsmobile filed a protest with the Department in accordance with 42-133dd(a). As required, the Department convened a hearing on April 22, 1992. All parties appeared, represented by counsel, and provided testimony and considerable other evidence. At the time of the hearing, Prestige Oldsmobile was still operating in its original location, but Valenti was not yet selling Oldsmobiles.
Following the hearing, Alderman Oldsmobile filed a memorandum of law and "proposed findings." Subsequently, on July 23, 1992, the Department hearing officer issued his CT Page 6164 decision. In the decision, the Department found that Prestige Oldsmobile was still in operation and that, therefore, "the net effect of a new dealership . . . would be the existence of three dealerships on Rte. 5 within 5.2 miles of each other." Final Decision, Par. 9, Findings of Fact.
The decision also made the following findings:
10. There is ample evidence of showroom area, service bays and levels of product penetration and permanency of investment at the existing locations of Alderman and Prestige.
11. General Motors Corporation presented no evidence as to the advisability of creating a new dealership at the Valenti location in regard to the existing dealerships on Rte. 5.
Based on those findings, the Department concluded "[t]hat good cause has been established for denying the establishment of a new dealership at Valenti Auto Sales, Inc." The final decision, accordingly, was to deny the plaintiffs permission to locate an Oldsmobile dealership at the Valenti site. It is that decision which they appeal to this court.
The essential basis of the plaintiffs' appeal is their contention that the hearing officer erroneously found that their proposal was to add a new Oldsmobile dealership within Alderman's market area, at the Valenti site, rather than merely relocating a dealership at the Valenti site and discontinuing the dealership at the Prestige site. Thus, they focus their attack on paragraph 9 of the Department's findings of fact, which is cited and quoted above.
The court agrees with the plaintiffs that there was ample, substantial evidence which would have supported a finding by the hearing officer that the plaintiffs proposed, in effect, a relocation of the Oldsmobile dealership from the Prestige site, where it would be discontinued, to the Valenti site, where it would be operated. However, there was also evidence that the plaintiffs' plans may have changed after the initial notification to Alderman, as indicated by the continued active operation of Prestige as an Oldsmobile CT Page 6165 dealer even during the time of the Department's hearing.
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statute 4-183(f) provides that "[t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." Similarly, "[w]ith regard to questions of fact, it is [not] the function of the trial court . . . to retry the case or to substitute its judgment for that of the administrative agency." CLP v. DPUC, 219 Conn. 51, 57 (1991). "If the administrative record provides substantial evidence upon which the hearing officer could reasonably have based his finding . . . , the decision must be upheld." Conn. Building Wrecking Co. v. Carothers, 218 Conn. 580, 601 (1991). In accordance with this principle, the court cannot disturb the hearing officer's finding that the establishment of an Oldsmobile dealership at the Valenti site would be a new dealership and in addition to the Prestige dealership.
Simply affirming the hearing officer's factual finding on one issue, however, no matter how critical that issue may be, is not dispositive of the case, in view of the special statutory context in which that issue must be considered.
The statutory setting for the parties' actions and the Department's decision is found in General Statutes 42-133dd. That statute provides that the Department must arbitrate between the manufacturer of a line or make of vehicle and competing dealers within the same market area. Specifically, it permits a dealer to protest the proposed relocation of an existing dealer or establishment of a new dealer within the protestant's market area. The Department must hold a hearing on the protest and determine whether "there is good cause for denying the establishment or relocation of such dealer." After the hearing, the Department must issue a decision within one hundred eighty days; failure to do so, unless waived, is deemed to be a determination that there is no good cause for denying the proposed establishment or relocation of the competing dealer. In the absence of good cause for denial, the establishment of the new dealership or relocation of an existing dealership is permitted by operation of the statute. These provisions clearly impose on the protestant, Alderman Oldsmobile in this case, the burden of proving that good cause exists for denying the competing dealer's request. CT Page 6166
Subsection (c) of 42-133dd reads as follows:
 (c) In determining whether good cause has been established for not entering into a franchise establishing a new dealer or relocating an existing dealer for the same line make, the commissioner shall take into consideration the existing circumstances, including, but not limited to: (1) Permanency of the investment of both the existing and proposed new motor vehicle dealers; (2) growth or decline in population and new car registrations in the relevant market area; (3) effect on the consuming public in the relevant market area;
 (4) whether it is injurious or beneficial to the public welfare for a new dealer to be established;
 (5) whether the dealers of the same line make in that relevant market area are providing adequate competition and convenient customer care for the motor vehicles of the line make in the market area including the adequacy of motor vehicle sales and service facilities, equipment, supply of motor vehicle parts, and qualified service personnel;
 (6) whether the establishment of a new dealer would increase competition; (7) the effect on the relocating dealer of a denial of its relocation into the relevant market area.
The subsection requires the Department to base its decision on "the existing circumstances, including, but not limited to" seven specific factors. (Emphasis added). The Department is thus obligated by statute to consider those specific factors in reaching its determination on whether good cause for denial exists.
The flaw in the Department's decision is that there is scant indication that the hearing officer considered the seven factors specified in the statute and no indication how any of those factors affected the decision. In paragraph 10 of the decision, quoted above, the hearing officer observes that there was "ample evidence" relating CT Page 6167 to some of the factors, but he fails to say how he considered that evidence in reaching his decision. In short, the decision does not reveal to the parties or to the court why and how the evidence relating to the statutory factors supported the determination that there was good cause for denying the plaintiffs' request. Conceivably, some evidence relating to those factors would support the approval of a relocation or new dealership and some would have the opposite effect. In any case, it is incumbent on the Department to state how the statutory factors influenced the decision that was made.
The purpose of the general rule that the agency's decision should set forth the facts and reasons on which it is based is stated in Lee v. Board of Education, 181 Conn. 69
(1980). In that case, the court observed that the failure to articulate the basis of a decision has the result that the "potential for a determination based on error of law, mistake, caprice, malice or discrimination is increased." In this case, although the hearing officer stated findings of facts and conclusions, he failed to include any such finding or conclusions relating to the statutorily required factors, nor did he indicate that he considered those factors in reaching his decision. Since the Department was required to consider those factors, a failure to do so would constitute an abuse of its discretion. See General Statutes4-183(j)(6).
For all of the foregoing reasons, the case must be remanded to the Department so that the hearing officer can consider the factors listed in 42-133dd(c) and file a new decision accordingly.
Maloney, J. CT Page 6167-a